UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN WAYNE BONILLA,<br><br>                             Petitioner,<br><br>v.<br><br>RON DAVIS, Warden,<br><br>                             Respondent. | Case No.: 17-cv-01789-AJB-AGS<br><br>**ORDER:**<br><br>**(1) DISMISSING PETITION;**<br><br>**(2) DENYING AS MOOT DOCUMENT NUMBERS 8, 23, AND 25; AND**<br><br>**(3) DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**<br><br>(Doc. Nos. 1, 8, 23, 25) |

Petitioner filed his Petition for Writ of Habeas Corpus on August 30, 2017. (Doc. No. 1.) On September 18, 2017, the Court dismissed the case without prejudice based on five grounds: (1) failure to satisfy the filing fee requirement; (2) failure to state grounds for relief; (3) failure to allege exhaustion of state judicial remedies; (4) failure to name a proper respondent; and (5) finding that this Court does not have jurisdiction over Petitioner's petition. (*See generally* Doc. No. 2.) The Court then granted Petitioner until November 21,

2017, to pay the filing fee and file a first amended petition that cured the pleading deficiencies outlined in the order. (*Id*.)

Unfortunately, despite the clear direction and instructions provided by the Court, as of the date of this Order, Petitioner has failed to pay the $5.00 filing fee or file a first amended petition. Instead, Petitioner has resorted to filing assorted motions and documents including a letter regarding jurisdiction, a motion to remove all of the Judges of the United States District Courts, and multiple motions for expedited review. (Doc. Nos. 6, 8, 12, 16, 18, 20.) On January 4, 2018, in response to the various filings and wanting to provide Petitioner another chance to properly litigate his claims, the Court again requested Petitioner file an amended consolidated petition for writ of habeas corpus by February 8, 2018. (Doc. No. 21.) Regrettably, the foregoing deadline has passed and the only documents Petitioner has filed are two motions for expedited review—both of which fail to address the issues previously outlined by the Court. (Doc. Nos. 23, 25.)

Additionally, despite being infused with various deficiencies, the Court highlights one vital issue—that this Court does not seem to have jurisdiction over this Petition. As already delineated in the Court's September 18, 2017 order, Petitioner is presently confined at San Quentin State Prison, located in Marin County, which is within the jurisdictional boundaries of the United States District Court for the Northern District of California. (Doc. No. 2 at 5 (*see* 28 U.S.C. § 84(a))). Petitioner also appears to be challenging a state court conviction that occurred in Alameda County, which is also located within the jurisdictional boundaries of the United States District Court for the Northern District of California. (Doc. No. 2 at 6 (*see* 28 U.S.C. § 84(a))). Consequently, based off of the limited pleadings, Petitioner should have filed his Petition in the Northern District of California. Nevertheless, Petitioner continues to file motions in this Court without explaining why he believes the Southern District has jurisdiction over his claims.

Consequently, as Petitioner has altogether failed to follow the Court's clear instructions and Petitioner has not moved to proceed in forma pauperis or paid the filing fee, the Court **DISMISSES** the Petition. Thus, the remaining motions—Petitioner's motion

to remove judges and motions for expedited review—are **DENIED AS MOOT**. (Doc. Nos. 8, 23, 25.) The Clerk of Court is directed to **CLOSE** this case.

**IT IS SO ORDERED**.

Dated: February 14, 2018

*[signature]*
Hon. Anthony J. Battaglia
United States District Judge